**In the Matter of the Revocation of the Driver's License of Kenneth R. DALY.**

**No. 12608.**

Supreme Court of South Dakota.

Argued May 10, 1979.

Decided June 28, 1979.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellant, State of South Dakota; Mark Meierhenry, Atty. Gen., Pierre, on brief.

Drew C. Johnson, Aberdeen, for defendant and respondent, Kenneth R. Daly.

MORGAN, Justice.

This is an appeal from a judgment of the Circuit Court for the Fifth Judicial Circuit, Brown County, reversing the revocation of the driver's license of Kenneth R. Daly (respondent) by the Department of Public Safety (Department). The State appeals from the circuit court's finding that the breathalyzer machine was not working correctly at the time respondent took the breathalyzer test and its conclusion that his actions did not constitute a refusal to take said test. We affirm.

Respondent was arrested for driving while intoxicated on March 14, 1978, and upon the request of the arresting officer, respondent consented to take a breathalyzer test. After arriving at the Aberdeen Police Station and waiting the required time period, respondent was instructed how to take the test. The test, however, was inconclusive because there was not sufficient air in the chamber of the machine to activate the test ampoule. Another attempt was made with a different mouthpiece, again with inconclusive results, and a third unsuccessful test with the same mouthpiece. Following the third test, the officer-operator determined that respondent was purposely not blowing correctly into the machine and that such action constituted a refusal to take the test.

The officer-operator then decided to run a simulator test with a test solution to see if the machine operated correctly. He did so and the air bubbled through the ampoule solution as it should. The test results, however, using a simulator solution which should have given approximately a .20% result, gave a result of .08%. Later that same day, the machine was inspected by a patrolman whose duty it was to inspect and repair such machines. He found the machine to be in perfect working order except that one light bulb, the bulb that indicates when all the air has been forced out of the air chamber, was burned out. He found nothing that would explain the failure of respondent's breath to enter the machine.

On April 21, 1978, respondent had a hearing before a hearing examiner for the Department concerning the revocation of his driver's license for refusing to take the breath test as requested by the police officer. His license was thereafter revoked.

Respondent then petitioned for a trial de novo in Circuit Court for the Fifth Judicial Circuit which was held on June 5, 1978. As a result of that trial de novo, the circuit court found that respondent had been arrested and read the proper warnings; that respondent had consented to take a breathalyzer test; that respondent attempted to take the test three times; that each time the result was zero; and that the simulator solution test which should have resulted in a reading of .20% instead resulted in a reading of .08%. From these findings, the court concluded that respondent had been properly arrested, that he did submit himself to three breathalyzer tests and that the machine was not operating correctly. The court then entered a judgment reversing the Department's revocation of respondent's driver's license. The State appeals from that judgment.

The State contends that the circuit court erred in concluding that the breathalyzer machine was not working properly. Rather, the State argues, the evidence shows that the machine was working correctly, but that respondent, by his actions, refused to take the breathalyzer test.

It is clear that the findings of fact of the circuit court support the court's conclusions of law that the respondent did cooperate and that the machine was not operating correctly. Therefore, if error is to be found, it must be found in the court's findings of fact. In reviewing the circuit court's findings of fact, this court cannot overturn those findings unless they are contrary to a clear preponderance of the evidence and are therefore clearly erroneous. *Cunningham v. Yankton Clinic, P.A.,* 262 N.W.2d 508 (S.D.1978); SDCL 15–6–52(a).

Our review of the record fails to convince us that the circuit court erred. There is considerable evidence to support the court's findings. Every witness at the trial de novo testified that respondent consented to take the test and verbally cooperated each of the three times the test was administered. It is undisputed that the red light which goes out when air is entering the air chamber did indeed go out and that each time respondent took the test, he appeared to be blowing hard, even until he was exhausted. It is also undisputed that the machine had not been checked for at least two months and that the simulator test produced an erroneous result. The State argues that the officer-operator testified that respondent had prevented the air from entering the chamber, and even though the simulator test results were apparently inaccurate, the machine did work correctly as far as the capture and release of air in the air chamber. This evidence, and other conflicting evidence presented by the State, however, was all before the circuit court, which resolved all conflicts in the evidence in determining that respondent cooperated and that the machine was not working correctly when the officer tested it. We will not interfere with the circuit court's resolution of conflicts in the evidence where its findings are supported. *Mulder v. Tague,* 85 S.D. 544, 186 N.W.2d 884 (1971).

We find, therefore, that the circuit court's findings of fact are supported by the evidence and are not clearly erroneous. The judgment of the circuit court is affirmed.

All the Justices concur.